**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BASIM HENRY, | : | |
| | : | Civil Action No. 10-1096 (FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| KEVIN P. WALSH, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Basim Henry
USP POLLOCK
U.S. PENITENTIARY
P.O. BOX 2099
POLLOCK, LA 71467

**HOCHBERG**, District Judge

Plaintiff Basim Henry, a prisoner confined at the United States Penitentiary in Pollock, Louisiana, seeks to bring this action <u>in forma pauperis</u> pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), alleging violations of his constitutional rights. Plaintiff has applied for and been granted leave to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a). On April 1, 2010 this Court entered an Order to Show Cause why the Complaint should not be dismissed as time-barred [2,3]. Plaintiff then filed a Petition for Leave to Amend [5] on

April 12, 2010, attached to which was his proposed Amended Complaint.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and proposed Amended Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on November 26, 2003 Defendant Special Agent Steven Egbert, along with other agents of the Federal Bureau of Investigations and unknown law enforcement officers of the Newark Police Department, during the investigation of a robbery of the Union Center Bank in Union, New Jersey, searched a residence in which Plaintiff was hiding in a cabinet in the first-floor apartment. Plaintiff does not state whether he was an owner or resident of the searched property. During this incident, Plaintiff was placed under arrest. See United States v. Henry, 03-mj-6156 (D.N.J.).

Plaintiff alleges that there was no search warrant. Plaintiff additionally alleges that in the absence of a search warrant, the arresting officer did not obtain Plaintiff's signature on a written consent to search the residence.

Plaintiff seeks compensatory damages in the amount of $20,000,000.00 for the allegedly unlawful arrest and search in 2003.

In response to these factual allegations, by Opinion and Order [2, 3] entered March 30, 2010, this Court ordered Plaintiff to show cause why the Complaint should not be dismissed as time-barred.

Plaintiff has submitted a Response [5] including a proposed Amended Complaint[1] in which he argues that extraordinary circumstances exist that should permit equitable tolling. He states that his attorney, John Murphy, "prevented him from asserting his rights in a timely fashion during and/or after he became aware that Plaintiff's 4th Amendment rights had been violated and further, after the United States Attorney, Kevin Walsh, became aware that Plaintiff was being unlawfully detained and prolonged detained." Additionally, in his response, Plaintiff states that he timely, but mistakenly, asserted his rights regarding those claims first, in a "Nunc pro tunc" petition, and second, in a motion filed in the Court under 28 U.S.C. § 2255.[2]

---

[1]The proposed Amended Complaint is deemed filed and the Court will consider the timeliness of the Complaint by taking into account the additional facts alleged in the proposed Amended Complaint.

[2]It is not clear to what "Nunc pro tunc" petition Plaintiff refers. It may have been an administrative remedy request filed within the Bureau of Prisons. See, e.g., Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990). The Court takes judicial notice that, on June 25, 2007, Plaintiff submitted, in his criminal actions, a motion for time credit pursuant to 18 U.S.C. § 3585(b)(1), (2) seeking credit against one of his federal sentences for time spent in custody on another matter, that was construed as a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. The § 2255 motion remains

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

---

pending. See, United States v. Basim, 05-cr-0696 (D.N.J.); United States v. Basim, 06-cr-0626 (D.N.J.); Basim v. United States, 07-cv-4080 (D.N.J.).

4

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.

### III.  Bivens v. Six Unknown Agents

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979). But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988).

### IV.  ANALYSIS

Taking into account the additional factual allegations made by Plaintiff, it appears that Plaintiff's claims are time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Jones v. Bock, 549 U.S. 199, 214-15(2007) (if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). See also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hunterson v. DiSabato, 2007 WL 1771315 (3d Cir. 2007) ("district court may sua sponte dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run") (citing Jones v. Bock, Pino v. Ryan) (not precedential); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current

6

§ 1915(e)); <u>Rounds v. Baker</u>, 141 F.3d 1170 (8th Cir. 1998)(unpub.); <u>Johnstone v. United States</u>, 980 F.Supp. 148 (E.D. Pa. 1997) (applying <u>Pino</u> to current § 1915(e)). The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985) (re: § 1983 action). Just as with civil rights actions brought pursuant to 42 U.S.C. § 1983, in <u>Bivens</u>-type suits the statute of limitations is determined by looking to the state limitations period. <u>Drum v. Nasuti</u>, 648 F.Supp. 888, 902-03 (E.D. Pa. 1986), <u>aff'd</u>  831 F.2d 286 (3d Cir. 1987). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. <u>See</u> <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); <u>Cito v. Bridgewater Township Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the

cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370

(3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint and Amended Complaint, Plaintiff's claims arose on the date of the alleged illegal search and false arrest, and the limitations period began to run as soon as he was held pursuant to legal process. See Wallace v. Kato, 549 U.S. 384, 396 (2007).

While the specific date when Plaintiff was held pursuant to legal process is not revealed in the Complaint, this Court takes judicial notice of its own docket, noting the Order of Detention as to Basim Henry entered December 23, 2003.[3] Over six years had elapsed before the date the pending complaint was submitted on February 23, 2010 during which time the statute of limitations expired, barring some basis for tolling. Even if Plaintiff's claim that he made timely filings in 2007 was correct, the statute of limitations would also have run at that time, barring some basis for tolling.

---

[3] USA v. Henry, No. 03-mj-6156 (Docket No. 4)

In his response to this Court's Order to Show Cause, Plaintiff suggests extraordinary circumstances exist that would permit equitable tolling, however, none of the assertions made by Plaintiff trigger equitable tolling.

Plaintiff argues that he has been prevented from asserting his rights in an extraordinary way by alleging that his attorney prevented him from asserting his rights in a timely manner. The allegations are conclusory in nature with no explanation of the manner in which the attorney "prevented" him from timely filing of this civil action. There is no explanation of the dates during which the attorney allegedly prevented him from filing. He fails to allege any facts to suggest that the attorney, in fact, prevented Plaintiff from asserting his rights. Again, even if those assertions were taken to be true, the statute of limitations would have began to run, at the very latest, on December 23, 2003, expiring on December 23, 2005.

Plaintiff further argues that he had initially mistakenly asserted his rights in the wrong forum by petition submitted on June 25, 2007. Filing at that time would not have established a basis for equitable tolling of the statute of limitations as the limitations period had already ended by that date. Moreover, Plaintiff did not, in fact, assert these claims in those earlier filings.

V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. An appropriate order follows.

S/ FAITH S. HOCHBERG
Faith S. Hochberg
United States District Judge

Dated: May 12, 2010